RICK A YARNALL
Chapter 13 Bankruptcy Trustee
Daniel Riggs, Esq.
Nevada Bar No. 12270
701 Bridger Ave., Ste. 820
Las Vegas, NV 89101
(702) 853-4500
RAY13mail@lasvegas13.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:

RICHARD SANCHEZ

Debtor(s).

BK-S-26-11451-mkn
Chapter 13

Hearing Date: May 21, 2026
Hearing Time: 1:30 pm

## TRUSTEE'S OPPOSITION TO CONFIRMATION OF PLAN COMBINED WITH TRUSTEE'S REQUEST FOR DISMISSAL

COMES NOW Chapter 13 Bankruptcy Trustee, RICK A. YARNALL and hereby objects to confirmation of the Chapter 13 Plan and recommends that confirmation be denied and the case dismissed.

On March 6, 2026, the instant bankruptcy case was commenced. See Docket No. 1. The § 341(a) Meeting of Creditors was concluded on April 14, 2026. Confirmation of the proposed plan is currently pending. The Debtor(s) bear the burden of proof on all elements of plan confirmation. See In re Hill, 268 B.R. 548, 552 (B.A.P. 9th Cir. 1994). A proposed plan cannot be confirmed until the Court has ensured that all requirements of §1325 have been satisfied. See United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1380-81 (2010). Trustee objects to confirmation of the proposed plan because it does not satisfy the confirmation requirement of § 1325.

1

Initially, Trustee opposes confirmation as he has not completed his investigation into the Debtor(s) financial affairs. In order to complete this investigation, the Trustee requests the following documentation and amendments:

- Updated pay verification / profit & loss statements through confirmation;
- Copy of 2025 federal tax return;
- Copies of bank statements for look back period: America First CU #4246: Jan 1 thru Mar 6, 2026;
- Detailed list of assets, equipment, inventory, & a/r for Mega Enterprises, LLC;
- Valuation on real properties, Brockington Dr and Chestnut St;
- Amend Schedule I – income is understated based on pay verification provided and include omitted income from room rentals of $2600/mo and solar income;
- Amend Form 122c-1 – income is understated based on pay verification provided and include omitted income from room rentals of $2600/mo and solar income;

Debtor(s) have a duty to cooperate with the trustee. Failure to do so can result in denial of confirmation and the dismissal of the underlying case. Therefore, confirmation should be denied and the case dismissed if Debtor(s) fail to timely tender the above-mentioned documents to the Trustee.

Trustee further objects to confirmation as the proposed plan is not feasible because the plan fails to provide for the secured and priority claims of Ally Bank and Internal Revenue Service [Claim Nos. 2 & 3 respectively]. Because Debtor's plan fails to comply with § 1325, confirmation should be denied.

Additionally, a plan cannot be confirmed unless the property to be distributed under the plan to allowed unsecured claims is not less than what would be distributed to unsecured claims if the estate were liquidated under chapter 7, in other words, the plan must meet liquidation value. 11 U.S.C. § 1325(a)(4). Trustee objects to the liquidation value stated in Debtor's plan as understated as it fails to account for the non-exempt equity in rental properties. Trustee requests the court to deny any plan that does not comply with § 1325(a)(4).

///

Trustee further objects to confirmation and requests dismissal on the basis that the Debtor has failed to commence making plan payments. Pursuant to 11 U.S.C. § 1326, Debtors are required to commence making plan payments no later than 30 days after the filing of the plan or the order for relief, which is earlier. Section 1307(c)(4) states that a case may be dismissed or converted for failure to commence making timely payments under § 1326. Debtor filed the instant petition on March 6, 2026 and was required to commence making plan payments no later than May 21, 2026 and have failed to commence making plan payments. Thus, cause to dismiss this case exists.

Section 1325(a) requires the Court to withhold from confirming a plan until the plan complies with the applicable provisions of Title 11. 11 U.S.C. § 1325(a). As such, Trustee requests that this court withhold from confirming any proposed plan until the above objections have been resolved. For the foregoing reasons, the Trustee requests that confirmation be DENIED. Trustee further requests that the underlying case be DISMISSED if the Debtor(s) fail to timely resolve this objection to confirmation or become delinquent in plan payments.

DATED this _____28th_____ day of April, 2026.

Rick A. Yarnall, Chapter 13 Bankruptcy Trustee
701 Bridger Avenue, Suite 820
Las Vegas, Nevada 89101

3

## CERTIFICATE OF MAILING

I hereby certify that I am an employee of RICK A. YARNALL, Chapter 13 Bankruptcy Trustee; that I am over the age of 18 years; and that on the ___ day of April, 2026, I provided a copy of the Trustee's Opposition to Confirmation to each of the following by:

[X] a. **ECF System:**

- GEORGE HAINES    ghaines@freedomlegalteam.com, 9310938420@filings.docketbird.com
- RICK A. YARNALL    ecfmail@LasVegas13.com, ecfimport@lasvegas13.com

[X] b. **United States mail, postage fully prepaid:**

RICHARD SANCHEZ
8528 SIERRA CIMA LANE
LAS VEGAS, NV 89128

_____
Cindy Coons, Employee of
RICK A. YARNALL
CHAPTER 13 BANKRUPTCY TRUSTEE

4